UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDEN WILLIE ISELI,

           Petitioner,

    v.

PEOPLE OF THE STATE OF CALIFORNIA,

           Respondent.

No.  2:25-cv-0664-EFB (HC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel in this petition for a writ of habeas corpus.  28 U.S.C. § 2254.  He challenges his convictions in the Superior Court of San Joaquin County for murder, attempted murder, and elder abuse.  ECF No. 1.  Petitioner also brings a motion to proceed in forma pauperis.  ECF No. 3.  For the reasons that follow, the petition must be dismissed as a second or successive petition.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147, 153-155 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. at 153.

////

1

The instant petition challenges petitioner's convictions entered in the Superior Court of San Joaquin County for murder, attempted murder, and elder abuse.  ECF No. 1.  A review of the court's records reveals that petitioner challenged the same convictions in an earlier action.  *See Iseli v. Lynch*, No. 2:22-cv-01483-TLN-EFB.[1]  In the prior action, a district judge denied the petition on the merits.  *Id.*, Dckt. No. 31.  Judgment was entered and the district judge declined to issue a certificate of appealability.  *Id.*, Dckt. Nos. 31, 32.

A petitioner seeking to file a second or successive petition in a district court must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. 2244(b)(3)(A); *see also Burton*, 549 U.S. at 153 ("A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfied one of the two grounds articulated in § 2244(b)(2).").  Petitioner has offered no evidence that the United States Court of Appeals for the Ninth Circuit has authorized this court to consider his second or successive petition.

Thus, the instant petition is a second or successive petition filed without the consent of the Court of Appeals.  Petitioner's failure to procure the Ninth Circuit's authorization to file the present petition deprives this court of jurisdiction.  *See Burton*, 549 U.S. at 153-155; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (*per curiam*).  The petition must therefore be dismissed.

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this action.  It is RECOMMENDED that:

1. This action be dismissed on the ground that the petition is a second or successive petition, and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

2. Petitioner's motions to proceed in forma pauperis (ECF No. 10) and for "early neutral evaluation conference" (ECF No. 13) be denied as moot.

////

---

[1] A court may take judicial notice of its own records in other cases.  *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 5, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3